*274 OPINION.
Aeundell:
We have adopted as our findings of fact all of the agreed statement of facts submitted by the parties except two paragraphs thereof which incorporate by reference the will of Eldridge M. Fowler in its entirety and the lease to the Minnesota Iron Co., which is referred to in the findings of fact as the consolidated lease. The pertinent parts of the will are set forth and the material provisions of the lease are sufficiently described in the findings that we deem it unnecessary to set out these documents in full.
This proceeding raises the same question as we had for consideration in the case of Fleming et al. v. Commissioner, 6 B. T. A. 900, except that it is not claimed here that the distributions received by this petitioner from the trusts are exempt from tax as property acquired by gift or bequest. The principal issue raised here was considered at length in the Fleming case, supra, and on authority of that decision we hold that the respondent erred in allowing deductions for depletion of the mining properties embraced in the trusts under which petitioner was a beneficiary.
The year 1921 is governed by the Revenue Act of 1921, which provides in section 219 (d) for the inclusion in the income of a beneficiary such as we have here of “that part of the income of the estate or trust * * * which, pursuant to the instrument or order governing the distribution is distributable to such beneficiary * * Under this provision there can be no question that the deductions claimed are not allowable.
Holding as we do on the principal issue, the other questions raised, which relate to the amount of the deductions- for depletion, do not require decision.
Judgment will be entered on 15 days’ notice, under Rule 50.